UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER W. LAWSON, JR.,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

                                 /

Case No. 15-11287

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [2] AND RESERVING DECISION ON DISMISSAL OF PLAINTIFF'S RESPA CLAIM PENDING HEARING**

Plaintiff filed this foreclosure challenge in state court on March 23, 2015.[1] Defendant removed the action to this Court on April 6, 2015, and filed a Motion to Dismiss and/or for Summary Judgment [Dkt. #2] on April 14, 2015. On June 25, 2015, Plaintiff filed a Response [6], to which Defendant filed a Reply [8] on July 9, 2015. The Court finds the motion suitable for determination without a hearing, in accord with Local Rule 7.1(f)(2), with respect to the majority of Plaintiff's claims. With respect to Plaintiff's Real Estate Settlement Procedures Act (RESPA) claim,

---

[1] Plaintiff filed suit through attorney Steven Ruza. On July 23, 2015, this Court issued an Order [9] permitting Ruza to withdraw on the grounds that Michigan's 48th Judicial District Court had enjoined him from representing any client seeking to prevent a residential foreclosure or modify a home mortgage. Plaintiff has been represented by different counsel in responding to the instant motion.

however, the Court will reserve decision pending a hearing, to be scheduled after issuance of this Order.

For the reasons stated below, Defendant's Motion to Dismiss [2] is **GRANTED IN PART.**

## FACTUAL BACKGROUND[2]

In October 1992, Plaintiff obtained a loan secured by a mortgage on his home in New Boston, Michigan. The mortgage was later assigned to Defendant Wells Fargo Bank, N.A.. Plaintiff defaulted on his mortgage loan. On August 15, 2014, Plaintiff applied to Defendant for mortgage assistance. On September 15, 2014, Defendant requested additional information, which Plaintiff supplied. Shortly thereafter, an agent of Defendant told Plaintiff by phone that his application was complete. The agent said that a sheriff's sale scheduled for September 25, 2014, would be postponed while Plaintiff's application was evaluated. Nevertheless, the sheriff's sale occurred as scheduled. Defendant did not grant Plaintiff any form of mortgage assistance. Plaintiff did not redeem the property prior to the expiration of the redemption period.

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must "assume

---

[2] The Court accepts Plaintiff's allegations as true for the purposes of this Order.

the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). The Court holds that Defendant is entitled to dismissal under Rule 12(b)(6) of all of Plaintiff's claims except his RESPA claim, which the Court reserves for decision after a hearing. The Court therefore need not decide the propriety of Defendant's alternate motion for summary judgment under Federal Rule of Civil Procedure 56.

**I.      RESPA**

Plaintiff brings a RESPA claim, pursuant to 12 U.S.C. § 2605(f), for violations of 12 C.F.R. § 1024.41. He alleges, inter alia, that he submitted a complete loss mitigation application on August 15, 2014—41 days before the sheriff's sale—and that Defendant did not evaluate the application and provide written notice of the denial within 30 days, as required by § 1024.41. His alleged damages include arrearage added to his mortgage loan, costs, and attorney fees. Judge Drain recently denied a Rule 12(b)(6) motion to dismiss with respect to a similar RESPA claim. *See Austerberry v. Wells Fargo Home Mortgage*, No. 15-cv-13297, 2015 WL 8031857, at *4-*7 (E.D. Mich. Dec. 7, 2015) (unpublished). The *Austerberry* decision was issued after the parties completed their briefing on the instant motion. The Court will reserve

decision on the motion with respect to Plaintiff's RESPA claim pending a hearing, to be scheduled after issuance of this Order.

## II.     Federal Mortgage Servicing Guidelines

Plaintiff alleges that Defendant violated 24 C.F.R. §§ 203.500, 203.501, and 203.605 by failing to follow mortgage servicing guidelines established by the Department of Housing and Urban Development (HUD) and one of its components, the Federal Housing Administration (FHA). Plaintiff has no private right of action to enforce these guidelines. *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) ("[N]o express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies.") (citing *United States v. Neustadt*, 366 U.S. 696, 709 (1961)); *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11–cv–14065, 2012 WL 2223154, at *4 (E.D. Mich. June 15, 2012) (unpublished) ("A failure of a mortgagee to adhere to the HUD servicing requirements in the regulations can be an affirmative defense to foreclosure, but does not form the basis for a claim.") (quoting *Wells Fargo Bank, NA v. Favino*, No. 10–cv–571, 2011 WL 1256771 (N.D. Ohio 2011)). This claim is therefore dismissed.

## III.    Wrongful foreclosure under state law

In Count One, Plaintiff challenges the foreclosure on the basis of Defendant's failure to properly evaluate his request for a loan modification. In Count Five, Plaintiff alleges that Defendant failed to comply with requirements of Michigan

Compiled Laws § 600.320 et seq., including proper calculation of the amount due and proper posting of notice.

Under Michigan law, a plaintiff may set aside a foreclosure sale upon a showing of prejudice resulting from fraud or irregularity in the foreclosure proceeding. *Conlin v. Mortg. Elec. Registration System, Inc.*, 714 F.3d 355, 359-60 (6th Cir. Mich. 2013). "An alleged irregularity in the loan modification process, however, does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (citing *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012)). Plaintiff's foreclosure challenge based on Defendant's evaluation of his loan modification request therefore fails. Plaintiff has forfeited any argument concerning his allegations of a miscalculation of amount due and improper posting of notice, since he has made no attempt to develop such an argument beyond the bare assertions of his complaint. *E.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Accordingly, Counts One and Five are dismissed.

**IV. Negligence**

Plaintiff brings a negligence claim premised on Defendant's failure to evaluate Plaintiff's application for a loan modification pursuant to the requirements of the federal Home Affordable Modification Program (HAMP). "[T]he Sixth Circuit has

explicitly rejected similar claims, finding that lenders have no duty of care to evaluate loan modification applications under HAMP in Michigan." *Austerberry*, 2015 WL 8031857, at *8 (citing *Rush v. Mac*, 792 F.3d 600, 605 (6th Cir. 2015)). Plaintiff's negligence claim is therefore dismissed.

## V. Breach of contract

Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing implied in the parties' mortgage contract. "Michigan does not recognize an independent tort action for breach of a contract's implied covenant of good faith and fair dealing." *Bd. of Trustees of City of Birmingham Employees' Ret. Sys. v. Comerica Bank*, 767 F. Supp. 2d 793, 805 (E.D. Mich. 2011). However, a party may sue for breach of contract under Michigan law to enforce the implied covenant of good faith and fair dealing that arises when the opposing party "makes its performance a matter of its own discretion." *Id.* (citing *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003)).

Here, Plaintiff does not allege how Defendant "made [its] performance a matter of [its] own discretion so as to give rise to the protections of an implied covenant of good faith and fair dealing." *Wheeler v. Long Beach Mortg. Co.*, No. 14-CV-14056, 2015 WL 1637619, at *4 (E.D. Mich. April 13, 2015) (unpublished); *see also Goodwin v. CitiMortgage, Inc.*, No. 1:12-CV-760, 2013 WL 4499003, at *7 (E.D. Mich. Aug. 19, 2013) (unpublished) (dismissing good faith and fair dealing claim

where plaintiffs failed to identify contractual provision promising exercise of discretion in evaluating application for loan modification); *Austerberry*, 2015 WL 8031857, at *8. The breach of contract claim is therefore dismissed.

## VI.    Fraudulent misrepresentation

Plaintiff alleges that Defendant made false representations of fact, intentionally and successfully inducing Plaintiffs to forego challenging the foreclosure of their home. Defendant argues, inter alia, that Plaintiff has not pled his fraudulent misrepresentation claim with sufficient particularity. The Sixth Circuit has interpreted Federal Rule of Civil Procedure 9(b) to require a plaintiff raising a common law fraud claim to allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2010)). Plaintiff relies on the allegations in paragraph 56 of his Complaint, which identifies Defendant's misrepresentations as follows:

   a. Erroneously stating in response to Plaintiff's complete loss mitigation request that it would properly evaluate Plaintiff's request ….
   b. Leading Plaintiff to believe that he would qualify for loss mitigation options;
   c. Falsely stating to Plaintiff that no foreclosure would take place during negotiations until Plaintiff's request had been reviewed for all home retention options.

These allegations do not meet the particularity standard, since they "do not identify the content of the allegedly fraudulent statements, when they occurred, who made them, or where they were made." *Wheeler*, 2015 WL 1637619, at *5. Plaintiff has therefore failed to state a fraudulent misrepresentation claim upon which relief can be granted. The claim is dismissed.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss and/or for Summary Judgment [2] is **GRANTED IN PART.** Plaintiff's claims, with the exception of his RESPA claim, are **DISMISSED**. The Court will schedule a hearing on Defendant's motion with respect to Plaintiff's RESPA claim after issuance of this Order.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 22, 2016  Senior United States District Judge